```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

OLEN W. BRAMLETT(TDCJ #694397), §
     Petitioner,                §
VS.                             §  CIVIL ACTION NO.4:06-CV-015-A
                                §
DOUGLAS DRETKE, Director,       §
T.D.C.J., Correctional          §
Institutions Div.,              §
     Respondent.                §
```

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instruction to the clerk of Court)

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Olen W. Bramlett, Texas Department of Criminal Justice (TDCJ) No. 694397, is currently confined in the Terrell Unit in Rosharon, Texas. The director of the TDCJ Correctional Institutions Division is the proper Respondent. No process has been issued to Respondent in this case.

C. LEGAL ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognized the district courts authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). From the face of the petition, and from court records of which this Court can take judicial notice, it appears that this is a successive petition filed without the permission of the United States Court of Appeals for the Fifth Circuit as required by 28 U.S.C. §2244(b)(1) and (2).

Petitioner Bramlett challenges his August 4, 1994 conviction for murder in case number 0475000D in the Criminal District Court

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added). Rule 4 of the Rules Governing Section 2254 Cases provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

RULES GOVERNING SECTION 2254 CASES, RULE 4(emphasis added).

2

Number One of Tarrant County, Texas. (Pet. ¶¶ 1-4.) Bramlett fails to acknowledge that he previously brought other challenges to this same conviction in two petitions for writ of habeas corpus in this division, *Bramlett v. State of Texas,* No. 4:96-CV-924-Y and *Bramlett v. State of Texas,* No.4:97-CV-021-Y. (Pet. ¶ 21.) The cases were consolidated into case number 4:96-CV-924-Y by order of March 18, 1997, and the consolidated petition was denied in an order and judgment filed July 23, 1997. Although Bramlett filed a notice of appeal, the Court of Appeals for the Fifth Circuit denied his request for a certificate of appealability in an order filed on the docket of case number 4:96-CV-924-Y on January 15, 1998.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA") provides that a successive petition filed by a person attacking a state-court conviction under § 2254 must be certified by a panel of the appropriate court of appeals.[3] These provisions require dismissal of a second or successive habeas proceeding unless specified conditions are met.[4] The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have

---

[2] The Court takes judicial notice of the records of Bramlett's prior habeas corpus petitions from this the Fort Worth division of the Northern District of Texas.

[3] *See* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2005).

[4] *See* 28 U.S.C.A. § 2244(b)(2)(West Supp. 2005).

3

been performed by the district court as required by . . . Rule 9(b)."[5] Since Olen Bramlett's present petition was filed after the effective date of the AEDPA, this Court is without jurisdiction to consider the petition unless leave to file the same is granted by the court of appeals. Petitioner Bramlett has not obtained an order from the court of appeals authorizing the district court to review a successive petition for habeas-corpus relief. As a result, it appears that Bramlett's petition under 28 U.S.C. § 2254 should be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

## RECOMMENDATION

It is therefore RECOMMENDED that Olen W. Bramlett's Petition For Writ of Habeas Corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a

---

[5] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

4

copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until March 1, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until March 1, 2006 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED February 8, 2006.         /s/ Charles Bleil
                                 CHARLES BLEIL
                                 UNITED STATES MAGISTRATE JUDGE